IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH S. DURR,                    )
                                    )
                 Plaintiff,         )
                                    )
      v.                            )  Civil Action No. 04-1940
                                    )
JO ANNE B. BARNHART,                )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
                 Defendant.         )


MEMORANDUM JUDGMENT ORDER

AND NOW, this _13_ day of March, 2006, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying plaintiff's
application for disability insurance benefits under Title II of
the Social Security Act ("Act"), IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 7) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Importantly, where the ALJ's findings of fact are
supported by substantial evidence, a reviewing court is bound by

AO 72A
(Rev.8/82)

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending application for disability insurance benefits on April 15, 2002, alleging disability beginning February 23, 1999, due to degenerative disc disease and osteoporosis. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on March 10, 2003, at which plaintiff, represented by counsel, appeared and testified. On April 25, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On October 26, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and past relevant work experience as a waitress and as a nurse's aide, but has not engaged in any substantial gainful activity since her alleged onset date. For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has acquired sufficient quarters of coverage to remain insured through December 31, 2003.

- 2 -

in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work

- 4 -

which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process.[2]  Specifically, plaintiff contends that: (1) the ALJ failed adequately to consider plaintiff's testimony and subjective complaints regarding her limitations; (2) the ALJ failed to develop a complete medical record; (3) the ALJ failed to consider plaintiff's back impairments in combination with her abdominal conditions; and, (4) the ALJ improperly relied on the vocational expert's answer to a hypothetical that did not account for all of plaintiff's impairments and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court finds no error in the ALJ's credibility determination. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains

---

[2]    At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity.   20   C.F.R. §404.1520(f).    Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments.    20  C.F.R.  §404.1545(a); Fargnoli, 247 F.3d at 40.

why he is rejecting the testimony.   <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999).

In this case, the ALJ found that plaintiff's allegations regarding her limitations are not totally credible.   In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §404.1529(c) and SSR 96-7p and thoroughly explained the basis for his credibility determination in his decision.   (R. 21-22).   As required, the ALJ first noted that the medical history and objective findings demonstrate the presence of impairments which reasonably could be expected to produce the symptoms alleged.   However, contrary to plaintiff's assertion, that is not the end of the inquiry.   Rather, the ALJ then is required under §404.1529(c) and SSR 96-7p to evaluate the intensity, persistence and functionally limiting effects of the symptoms to determine the extent to which the symptoms affect the claimant's ability to do basic work activities.

Here, the ALJ did so and found that plaintiff's subjective statements regarding her symptoms and their limiting effects were not totally credible in light of not only the medical evidence but also the other relevant factors, such as plaintiff's daily activities.   Importantly, however, the ALJ did not reject plaintiff's subjective complaints altogether.   In fact, the ALJ emphasized that his finding "does not mean to imply that [plaintiff] is symptom free or that she does not experience some discomfort."   (R. 22).   Accordingly, to the extent plaintiff's subjective allegations are supported by the medical evidence, the

ALJ accommodated plaintiff by the limitations set forth in his residual functional capacity finding. (R. 25). The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

Plaintiff next argues that the ALJ failed to develop a complete medical record when he rendered his decision that plaintiff was not disabled without first having obtained the records from plaintiff's two inpatient stays for abdominal ailments at Sewickley Valley Hospital in February of 2003[3], the month before plaintiff's hearing before the ALJ and three months prior to his decision. The court finds this argument to be without merit.

A claimant has the burden of proving that she is disabled by "bring[ing] to [the Commissioner's] attention everything that shows you are . . . disabled." 20 C.F.R. §404.1512(a). This duty requires that a claimant "furnish medical and other evidence that [the Commissioner] can use to reach conclusions about your medical impairment(s) and . . . its effect on your ability to work on a sustained basis." Id. Significantly, the regulations expressly provide that the Commissioner "will consider only impairment(s) you say you have or about which we receive evidence." Id.

---

[3] These records, which were presented as new evidence to the Appeals Council, document plaintiff's six-day hospitalization from February 2-8, 2003, where she was admitted for a small bowel obstruction and underwent surgery for its removal (R. 438-462), and from February 13-15, 2003, where she was readmitted for increased abdominal pain with severe constipation.

Here, although plaintiff's hospitalizations occurred prior to the hearing on March 10, 2003, there is no indication in the record that plaintiff ever notified the ALJ that he should consider abdominal impairments as an additional basis for disability.    Indeed, a review of the record indicates only two passing references to plaintiff's abdominal problems prior to the ALJ's decision.    At the hearing, plaintiff's counsel noted in passing that plaintiff had undergone two neck surgeries as well as "more recent abdominal surgeries".  (R. 63).   Also, in a report dated February 18, 2003, Dr. Meyers noted that plaintiff stated that "she was recently hospitalized for adhesion and bowel obstruction surgery".   (R. 375).

At no time did plaintiff or her counsel suggest to the ALJ that they believed her abdominal problems were severe impairments or indicated that they had additional evidence relating to any such impairment that they wanted the ALJ to consider.    Nor is there any indication that plaintiff's counsel asked the ALJ to hold the record open until those records became available.   Thus, although the ALJ does have a duty to develop the record, he is not required to attempt to develop the record for impairments of which he is unaware and for which there are only two brief passing references in the record.   It was plaintiff's duty to bring these matters to the ALJ's attention and to furnish the records she believed necessary to reach a conclusion on their relevancy to the disability determination.

For the same reasons, the court is unpersuaded by plaintiff's

AO 72A
(Rev.8/82)

argument that the ALJ failed to consider the combination of plaintiff's back impairments and abdominal conditions in assessing plaintiff's residual functional capacity. Again, it is the plaintiff's duty to furnish the medical evidence necessary for the ALJ to reach conclusions about a claimant's impairments and their effect on an individual's ability to work on a sustained basis. 20 C.F.R. §404.1512(a). Even at this stage, plaintiff has failed to advance any evidence that the abdominal problems she was experiencing in February 2003 had any effect on her ability to sustain work.

Finally, the court must reject plaintiff's argument that the ALJ erred in rejecting the vocational expert's testimony to hypotheticals posited by plaintiff's counsel incorporating additional limitations suggesting that the hypothetical individual would be required to recline for up to two hours in an eight hour workday and would miss at least one day or more of work per month. (R. 62-63). In response to these hypotheticals, the vocational expert indicate that the individual would be unable to perform any job in the national economy. (R. 63).

The limitations stated in the ALJ's residual functional capacity finding are those that are supported by the objective medical evidence of record. The additional limitations suggested by plaintiff's counsel in his hypotheticals to the vocational expert are not medically supportable and are contradicted by plaintiff's testimony as to her daily activities. As a hypothetical to the vocational expert must reflect all of the

claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to hypotheticals incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ had authority to disregard a vocational expert's response to a hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   William J. Remaley, Esq.
      Berger & Green, P.C.
      5850 Ellsworth Ave., Suite 200
      Pittsburgh, PA 15232

      Jessica Lieber Smolar
      Assistant U.S. Attorney
      U.S. Post Office & Courthouse
      700 Grant Street, Suite 400
      Pittsburgh, PA 15219

AO 72A
(Rev.8/82)